

R. Scott Thompson
Partner

65 Livingston Avenue
Roseland, NJ 07068
T   973 597 2532
F   973 597 2533
sthompson@lowenstein.com

July 31, 2015

**VIA FEDEX AND ECF**
Hon. Joseph A. Dickson
United States Magistrate Judge
King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   Estate of DeLorean v. DeLorean Motor Co. (Texas), 2:14-cv-01146(JLL)(JAD)

Dear Judge Dickson:

This firm represents the plaintiff in the referenced case. I am writing to request that you schedule a conference to finalize – and, if necessary, enforce -- the settlement that the parties agreed to at the conclusion of the settlement conference held by Your Honor on June 2, 2015.

As Your Honor may recall, the parties attended a settlement conference before Your Honor on June 2, 2015. With the assistance of Your Honor, the parties agreed to settle the case for a monetary payment from the defendant to the plaintiff, and a docket entry indicating that the case was settled was made.

On June 12, 2015, I forwarded to William Mead, counsel for the defendant, a draft settlement agreement. In addition to agreeing to dismiss the complaint in this case with prejudice, the draft included a proposed covenant not to sue in which the Estate agreed not to bring any action in the future against the defendant in connection with the defendant's use of (1) its registered trademarks or (2) the name DeLorean as long as that use was related to the DMC 12 automobile. We believe that this proposed covenant goes well beyond the agreement to settle that was reached on June 2, 2015.

Defendant did not respond to the draft agreement, or even acknowledge its receipt. As a result, on June 23, 2015 I wrote to Mr. Mead inquiring about the status of the proposal; he informed me that he was scheduled to discuss the draft with his client the next day. I did not hear back from Mr. Mead, so on July 8, 2015 I wrote to him inquiring about the draft. Mr. Mead then sent to me a new draft proposal that was not marked to show changes from my draft, which was provided only after I asked. Defendant's draft included provisions requiring the Estate (1) to make an acknowledgement that, in effect, admitted that the claims in the complaint in this case had no merit, and (2) consent to the use by the defendant of the name DeLorean for virtually any

**Lowenstein Sandler** LLP

Hon. Joseph A. Dickson
Page 2

July 31, 2015

purpose. Among other changes, the defendant's draft also doubled the time within which defendant would have to make payment of the settlement amount (from 10 days to 20 days after execution of the agreement) and deleted a requirement that the payment be made by wire.

The changes made by defendant – after a month had passed – did not appear to have been made in good faith. On July 17, 2015, I wrote to Mr. Mead with a revised version of defendant's draft, in which I deleted the provisions described in the preceding paragraph, but made some concessions concerning the business uses to which the name DeLorean could be put. In order to avoid further unnecessary delay, I asked that Mr. Mead respond by July 24, 2015.

On July 24, 2015, at 5:22 p.m., I received from Mr. Mead a revised version of the draft agreement (once again not marked to show changes from the draft sent to the defendant), in which defendants not only replaced the provisions that had been removed but actually increased the scope of the "acknowledgements" and the Estate's consent to the defendant's use of the name DeLorean. In other words, the draft went backwards. On July 27, 2015, I wrote to Mr. Mead to request a blacklined copy of the draft, and asked him to schedule a telephone call to discuss the draft. Mr. Mead did not respond, so I again wrote to him on July 29, 2015. Mr. Mead has not responded.

The defendant is not acting in good faith concerning settlement of this case. First, it is deliberately prolonging the settlement discussion for the purpose of delay. Second, its demands are unreasonable; for example, I have never settled a case in which a condition of settlement is that the plaintiff admit that its claims had no merit. Third, it is demanding concessions from the Estate regarding matters as to which it has made no claim and that are not otherwise involved in the case. Morever, instead of engaging in good-faith dialogue, it is increasing its demands as the exchange of drafts continues. For what it is worth, I do not fault Mr. Mead, as the tactics employed make it clear that it is his client and his client's Texas counsel that are behaving improperly. I respectfully request that you schedule a conference at the Court's convenience to finalize the settlement.

Thank you for your courtesies.

Respectfully submitted,

*/s/ R. Scott Thompson*
R. Scott Thompson

cc:     William Mead, Jr., Esq. (email/ECF)