

# LITCHFIELD
## CAVO LLP
Attorneys at Law

**WRITER'S ADDRESS:**
1800 Chapel Avenue West
Suite 360
Cherry Hill, NJ 08002
(856) 382-2269
(856) 751-1230 (fax)

*An Illinois Limited Liability Partnership*

Kathleen J. Collins, New Jersey Managing Attorney

**William C. Mead, Jr.**
Email: mead@litchfieldcavo.com

August 6, 2015

***VIA ELECTRONIC FILING***
The Honorable Joseph A. Dickson
United States Magistrate Judge
King Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:    **Sally DeLorean, as Administrator of the Estate of John DeLorean**
              **v. DeLorean Motor Company**
              **Civil Action No. 2:14-cv-01146-JLL-JAD**
              **Our File No. 4164-1**

Dear Judge Dickson:

       This firm represents Defendant DeLorean Motor Company in the above-referenced matter. Your Honor has requested our response to Plaintiff's counsel's July 31, 2015 letter to Your Honor which sought a conference to "finalize – and, if necessary, enforce – the settlement" in this matter. Please accept the within as our response.

       My clients would welcome Your Honor's assistance in attempting to resolve the parties' issues concerning the terms of the settlement agreement. In fact, we first suggested this to opposing counsel back on July 24, 2015. While I agree that the parties have had difficulty crafting language that addresses each other's concerns and the somewhat unique circumstances of this case and could use assistance with regard to the same, I was somewhat surprised by both the tone and content of Plaintiff's counsel's July 31, 2015 correspondence.

       I do not wish to respond to the inflammatory remarks of Plaintiff's counsel or his (mis)characterizations of our discussions and proposals as it does nothing to move this case toward a conclusion. However, I want to make clear that my client has no desire to delay this matter or go beyond the agreement reached at the settlement conference held by Your Honor. Rather, my client's only goal is to craft an agreement that allows them to simply carry on their business as it has been operated in the past 20 plus years. Thus, it is necessary to respond to counsel's claims that my client has requested to use the name of Mr. Delorean for "virtually any purpose" and sought to have Plaintiff admit "that the claims in the complaint in this case had no merit".

Chicago • Hartford • Boston • New York • New Jersey • Pittsburgh • Philadelphia • Houston
Los Angeles • Fort Lauderdale • Tampa • Wisconsin • West Virginia

www.litchfieldcavo.com

**LITCHFIELD CAVO** LLP
Attorneys at Law

August 5, 2015
Page 2

First, my client has no interest in using "Delorean" in connection with Mr. Delorean, his legacy, identity, image or the like; rather, it simply wants to be able to continue to use its 2 registered <u>stylized</u> trademarks and company name as it has done for the last 20 plus years. In fact, the specific language proposed by my client limits the "covenant not to sue" to its use of its company's name and registered stylized trademarks "in conjunction with the automobile industry and associated business ventures, including those associated with the DeLorean automobile, or other automotive products and services, and related brand merchandising and licensing associated or related to the business of the DeLorean Motor Company, DMC Texas and its associated brand." The language proposed by Plaintiff, however, would not allow my client to continue doing business as usual, without fear of suit. Plaintiff's language is concerning in that it does not sufficiently define what is actually being agreed upon and seemingly could be interpreted in a very narrow manner, even to the point of restricting current business endeavors of my client. My client seeks to have an agreement that avoids potential future litigation that could arise as a result of such vague language, especially where it is only maintaining its present business opportunities and pursuing similar ones in the future.

Second, while my client firmly believes "that the claims in the complaint in this case had no merit", it does not seek any such affirmation in the settlement agreement. Rather, it seeks a very limited acknowledgment regarding its ability to continue to use, register, and enforce its 2 stylized marks and its own company name. This is a critical piece to the settlement. My client needs to be able to demonstrate to future customers/business partners that while the lawsuit by the Estate of John Delorean (which claims that my client has no rights to use, register, and enforce its marks and company name) was settled, that it, as acknowledge by the Estate, does in fact have the right to use, register, and enforce the marks and company name. This is especially important given that the settlement agreement is to be confidential.

Lastly, my client wishes to ensure that Mrs. Delorean will be free to use "Delorean" in connection with Mr. Delorean, his legacy, identity, image and the like as she so chooses. My client is not seeking to infringe upon these rights and only wants to preserve its rights to its 2 stylized marks and company name. As such, if Mrs. Delorean has any contemplated uses or other specific desires, these too should be specifically addressed in the settlement agreement to ease any apprehension Mrs. Delorean may have.

Thank you for the time you have devoted to this matter and I look forward to hearing from Your Honor with respect to the same.

Respectfully submitted,

William C. Mead, Jr.

cc: R. Scott Thompson, Esquire (via ECF)