

**WRITER'S ADDRESS:**
1800 Chapel Avenue West
Suite 360
Cherry Hill, NJ 08002
(856) 382-2269
(856) 751-1230 (fax)

*An Illinois Limited Liability Partnership*

Kathleen J. Collins, New Jersey Managing Attorney

**William C. Mead, Jr.**
Email: mead@litchfieldcavo.com

September 18, 2015

***Via ECF***
The Honorable Joseph A. Dickson
United States Magistrate Judge
King Federal Building & Courthouse
50 Walnut Street
Newark, NJ  07102

> Re:   **Sally DeLorean, as Administrator of the Estate of John DeLorean**
> **v. DeLorean Motor Company**
> **Civil Action No. 2:14-cv-01146-JLL-JAD**
> **Our File No. 4164-1**

Dear Judge Dickson:

As Your Honor will recall, this firm represents Defendant DeLorean Motor Company in the above-referenced matter. Please be advised that the parties have resolved the remaining issue with respect to the Settlement Agreement. A copy of the Settlement Agreement agreed to by the parties is attached hereto. The parties have agreed that the Settlement Agreement can be made public and filed with the Court. A fully executed copy of the Settlement Agreement will be filed shortly.

Should Your Honor have any questions, please feel free to give me a call.

Respectfully submitted,

*s/ William C. Mead, Jr.*

William C. Mead, Jr.

cc: R. Scott Thompson, Esquire (via ECF)

Chicago • Hartford • Boston • New York • New Jersey • Pittsburgh • Philadelphia • Houston
Los Angeles • Fort Lauderdale • Tampa • Wisconsin • West Virginia

www.litchfieldcavo.com

## RULE 11 SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and is effective as of September ___, 2015 ("Effective Date"), by and between the Estate of John Z. DeLorean ("Estate") and DeLorean Motor Company (Texas), ("DMC Texas").

**WHEREAS,** the Estate commenced litigation against DMC Texas by filing a Complaint on February 21, 2014 ("Complaint") in the United States District Court for the District of New Jersey, Case No. 2:14-cv-01146 ("Litigation");

**WHEREAS,** DMC Texas filed an Answer on April 21, 2014, in which it denied any liability in connection with the claims set forth in the Complaint; and

**WHEREAS,** the parties, solely for the avoidance of additional expense and without any admission of liability on the part of any party, wish to fully and finally resolve the Litigation;

**NOW, THEREFORE,** in consideration of the promises and covenants herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. <u>Payment.</u> DMC Texas agrees to make an agreed-upon payment to the Estate ("Payment") in full satisfaction of any and all claims against it in the Litigation. The Payment shall be made within 10 business days of the Effective Date.

2. <u>Dismissal of the Litigation.</u> Within 5 business days of receipt of the Payment, the Estate shall file a stipulation of dismissal, withdrawing the Complaint with prejudice ("Stipulation of Dismissal").

3. <u>Release, Acknowledgments & Covenant Not to Sue by the Estate.</u>

(a) <u>Release</u> With the exception of the obligations of DMC Texas set forth herein, upon receipt of the Payment and the filing of the Stipulation of Dismissal, the Estate, its partners, members, managers, directors, officers, shareholders, executives, administrators, parent companies, subsidiaries, divisions, employees, insurers, representatives, affiliates, agents, assigns, attorneys, predecessors and successors-in-interest (collectively, "Estate Releasors"), forever fully and finally release, acquit, discharge and hold harmless DMC Texas, its partners, members, managers, directors, officers, shareholders, executives, administrators, parent companies, subsidiaries, divisions, employees, insurers, representatives, affiliates, agents, assigns, attorneys, predecessors and successors-in-interest (collectively, "DMC Texas Releasees"), and each of them, from and against any and all claims and causes of action of any kind or character, in law or equity, and any and all liability now accrued, including all claims, causes of action, demands, losses, expenses, including attorney's fees, damages or injuries that were sought, or could have been sought, in the Litigation.

(b) <u>Recognition of Rights & Covenant Not to Sue.</u> The Estate acknowledges DMC Texas' trademarks and rights to use the DeLorean automobile brand, and associated products and

services, further, the Estate covenants and agrees that it has not transferred any rights related to claims it has made or could have made in the lawsuit, and it will not willingly participate in any legal proceeding against DMC Texas in the future in connection with (i) the use by DMC Texas of (a) the name "DeLorean Motor Company", or (b) the trademark registered to DMC Texas of the DMC logo, or (ii) the use by DMC Texas of the trademark registered to DMC Texas of the stylized word "delorean; ("DeLorean Marks") ("any of which are used in conjunction with the automobile industry and associated business ventures, including those associated with the DeLorean automobile, or other automotive products and services, and related brand merchandising and licensing associated or related to the business of the DeLorean Motor Company, DMC Texas and its associated brand. (Nothing contained in this paragraph shall prohibit Sally DeLorean, Individually and as Administratrix of the Estate of John DeLorean, from complying with any subpoena(s) and/or Order issued by a Court).

The Estate retains all right in (i) any other use of the name DeLorean, (ii) any aspect of the personal life of John Z. DeLorean, or (iii) any depiction of the likeness of John Z. DeLorean that is not public property or purchased from those legitimately holding publishing rights thereto.

Sally DeLorean, Individually and as Administratrix of the Estate of John DeLorean, hereby acknowledges the worldwide rights of DMC to use, register, and enforce any of DeLorean Marks for any and all goods and services, relating to automobile dealerships, automobiles, automobile parts and accessories, clothing, and promotional items.

Sally DeLorean and the DeLorean Estate consent to, and agree not to oppose, cancel, or otherwise challenge the registration, or use by DMC of the DeLorean Marks.

4.  Release by DMC Texas. With the exception of the Estate's obligations contained herein, upon filing the Stipulation of Dismissal, DMC Texas, its partners, members, managers, directors, officers, shareholders, executives, administrators, parent companies, subsidiaries, divisions, employees, insurers, representatives, affiliates, agents, assigns, attorneys, predecessors and successors-in-interest (collectively, "DMC Texas Releasors"), forever fully and finally release, acquit, discharge and hold harmless the Estate, its partners, members, managers, directors, officers, shareholders, executives, administrators, parent companies, subsidiaries, divisions, employees, insurers, representatives, affiliates, agents, assigns, attorneys, predecessors and successors-in-interest (collectively, "Estate Releasees"), and each of them, from and against any and all claims and causes of action of any kind or character, in law or equity, and any and all liability now accrued, including all claims, causes of action, demands, losses, expenses, including attorney's fees, damages or injuries.

6.  General Provisions.

    (a)  Entire Agreement. This Agreement constitutes the entire agreement of the parties with respect to the subject matter hereof, and supersedes all prior agreements, understandings, and obligations, whether written or oral.

    (b)  Amendments. The terms of this Agreement may not be changed, modified, or discharged, except in writing.

    (c)    <u>Assignment</u>. The terms of this Agreement shall be binding on the parties hereto and their respective successors and assigns. Neither this Agreement, nor any part thereof, may be assigned by either party without the express, prior written consent of the other party.

    (d)    <u>Severability</u>. If any term or provision of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or unenforceable, this Agreement shall nevertheless remain in full force and effect and it shall not affect the validity or enforceability of the remaining terms and provisions of this Agreement.

    (e)    <u>Governing Law</u>. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New Jersey, without regard to its choice of law rules. All actions arising out of or relating to this Agreement shall be heard and determined exclusively in a New Jersey state or federal court sitting in the City of Newark. Consistent with the preceding sentence, the parties hereby (i) submit to the exclusive jurisdiction of any state or federal court sitting in the City of Newark with respect to any action arising out of or relating to this Agreement and (ii) irrevocably waive, and agree not to assert by way of motion, defense, or otherwise, in any such action, any claim that it is not subject to the personal jurisdiction of the courts identified in this Section, that its property is exempt or immune from attachment or execution, that any such action is brought in an inconvenient forum, that the venue of any such action is improper, or that this Agreement may not be enforced in any of the courts identified in this Section.

    (f)    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, and by each party hereto in separate counterparts, each of which shall be deemed to be an original, and all of which taken together shall constitute one and the same instrument.

    (g)    <u>Captions</u>. Captions or headings used in this Agreement are for convenience and reference only and will not be construed so as to affect the meaning of the text herein.

    (h)    <u>Delivery by PDF</u>. This Agreement, to the extent signed and delivered by means of a PDF, shall be treated in all manner and respects as an original agreement and shall be considered to have the same binding legal effect as if it were an original signed version.

7.    <u>Representations and Warranties</u>.

    (a)    The parties have been represented by independent counsel of their own choice throughout the negotiations that preceded execution of this Agreement. The parties agree that in interpreting any issues that may arise in connection with the construction of this Agreement, rules of construction related to who prepared this Agreement shall be inapplicable, each party having contributed or having had the opportunity to contribute to clarify any issue.

    (b)    The persons signing this Agreement represent and warrant that they have the authority and legal capacity to bind, and hereby do bind the party on behalf of whom it is executed and, as applicable, their respective party's predecessors, successors, and assigns.

    (c)    The parties represent and warrant that each of them has the legal right and authority to enter into this Agreement, and that this Agreement is not in conflict with any other agreements to which any of the parties may be or is bound.

**IN WITNESS WHEREOF**, the parties have duly executed this Agreement as of the Effective Date first above written.

| **Estate of John Z. DeLorean** | **DeLorean Motor Company (Texas)** |
|---|---|
| By:_____ | By:_____ |
| Name:_____ | Name:_____ |
| Title:_____ | Title:_____ |